Consolidated International Automotive, Inc., plaintiff *v.* United States, defendant, and China National Machinery & Equipment Import & Export Corp. and Jiangsu Co., Ltd., defendant-intervenor

Court No. 91–09–00700

(Decided April 8, 1992)

*Hume & Associates (Robert T. Hume)*, for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General, *David M. Cohen*, Director, Commercial Litigation Branch, United States Department of Justice, Civil Division *(Jane E. Meehan, Vanessa P. Sciarra)*; *Robert E. Nielsen*, Attorney-Advisor, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.
*Reed Smith Shaw & McClay (James K. Kearney)*, for defendant-Intervenor.
*Dickstein, Shapiro & Morin (Arthur J. Lafave, III)*, for amici curiae.

## OPINION

Restani, *Judge:* This matter concerns a decision of the Commerce Department in *Chrome-Plated Lug Nuts From the People's Republic of China*, 56 Fed. Reg. 46,153 (Dep't Comm. Sept. 10, 1991) (final admin. review). Plaintiff challenged the antidumping duty deposit rate established by that determination as too low. The defendant asked for remand on the grounds that it failed to consider certain relevant data. The court remanded the matter for consideration of the data, and on remand defendant raised the margin to a higher level. Plaintiff now seeks dismissal. Defendant takes no position on dismissal; defendant-intervenor is opposed.

The original suit is no longer of interest to plaintiff, and defendant-intervenor may challenge the new rate through a new action. *See Freeport Minerals Co. v. United States*, 758 F.2d 629, 636 (Fed. Cir. 1985); *Alhambra Foundry Co. v. United States*, 12 CIT 343, 356–57, 685 F. Supp. 1252, 1262–63 (1988); *Al Tech Specialty Steel Corp. v. United States*, 10 CIT 263, 267, 633 F. Supp. 1376, 1380 (1986). As the court has made no rulings on the merits of this case, and defendant-intervenor's claims, if any, will bear no similarity to plaintiff's, the court in its discretion deems it expedient to allow dismissal without prejudice, leaving the parties to pursue new litigation if they so desire.

For the same reasons, the court directs Commerce to proceed with publication of its new determination as if no litigation had occurred. This new determination is not the result of court direction but is the government's independent action. At this point, the previous determination has no legitimacy and there is no purpose in collecting deposits at superseded rates for some months, or in delaying defendant-intervenor's opportunity to commence a new action. There has been no showing that immediate implementation will cause hardship to any party, and it may prevent irreparable harm to plaintiff.

Although defendant indicated that it had intended to wait for the sixty-day appeal period to expire before putting the remand determina-

tion into effect, neither defendant nor defendant-intervenor have cited any decision or statute which would require this result. *Timken Co. v. United States*, 893 F.2d 337 (Fed. Cir. 1990) does not apply. In that case the direction to publish notice was the result of court action on the merits, and the direction affected liquidation. For the same reason *Melamine Chemicals, Inc. v. United States*, 732 F.2d 924 (Fed. Cir. 1984) is also inapplicable. This, in essence, is a voluntary dismissal without prejudice. Furthermore, liquidation is already suspended. Thus, 19 U.S.C. §§ 1516a(c) and 1516a(e) are not implicated.

Accordingly, as the publication of the new determination does not implement a court decision, final or otherwise, but rather represents defendant's completely independent remand determination, publication and an appropriate change in deposit rates should proceed at once.